# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-2564

CHRISTINA BARNES, an individual.

        Plaintiff,

v.

BELLCO CREDIT UNION, a Colorado nonprofit corporation,

        Defendant.

# COMPLAINT

### INTRODUCTION

1. This is an action brought by Christina Barnes (the "**Plaintiff**"), against Bellco Credit Union, a Colorado nonprofit corporation ("**Bellco**"), for violating the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (the "**ECOA**"), which prohibits creditors from discriminating with respect to any aspect of a credit transaction, the Colorado Uniform Consumer Credit Code, Colo. Rev. Stat. § 5-1-101, *et seq.* (the "**UCCC**"), which prohibits unconscionable debt collection and imposes requirements on secured lenders seeking repossession, and the Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-9-101, *et seq.* (the "**UCC**"), which governs the repossession of personal property and vehicles.

2. Plaintiff was the rightful owner of a 2008 Cadillac CTS. After Plaintiff allegedly fell behind in her payments to Bellco, Bellco's repo company engaged in a series of acts constituting unconscionable debt collection techniques under the UCCC and discrimination under ECOA, including assault and referring to Plaintiff in derogatory and racially motivated

terms. Moreover, Bellco refused to provide copies of notices required under the UCC and UCCC, and the one notice that Bellco provided does not comply with applicable law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1691e(c).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claim in this action that it forms part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiffs is an individual who resides in the City and County of Denver, State of Colorado.

7. Plaintiff is an "applicant", as that term is defined by 15 U.S.C. § 1691a(b) and 12 C.F.R. § 202.2(e).

8. Bellco is a Colorado nonprofit corporation with a principal place of business at 7600 E. Orchard Road, Suite 400N, Greenwood Village, Colorado 80111.

9. Bellco regularly extends, renews, or continues credit, and is a "creditor" as that term is defined by 15 U.S.C. § 1691a(e) and 12 C.F.R. § 202.2(l).

## FACTS

10. In 2017, Plaintiff purchased a 2008 Cadillac CTS from Select Auto (the "**Vehicle**").

11. The purchased was financed through a "Retail Installment Sales Contract" that was later assigned to Bellco (the "**RISC**").

12. After Plaintiff fell behind in her payments, a "private investigator" began calling Plaintiff and Plaintiff's mother.

13. These calls were harassing and included threats of imprisonment.

14. On or about the evening of December 10, 2017, Bellco's repossession agent blocked Plaintiff and the Vehicle into her parking space at her residence.

15. The repossession agent used derogatory language that was offensive to both women and people of color.

16. The repossession agent attempted to pull Plaintiff from the Vehicle.

17. The repossession agent grabbed Plaintiff by her jacket.

18. The repossession agent threatened to tow the Vehicle with Plaintiff and her children inside.

19. Uniformed police officers were summoned, and the repossession agent did not tow the Vehicle.

20. Approximately one week later, a person acting on behalf of Bellco to repossess the Vehicle called Plaintiff's mother's ex-husband's brother and informed him falsely that Plaintiff had been in a car accident as a subterfuge to obtain the location of the Vehicle.

21. While Plaintiff was enduring this harassment, she contacted Bellco to obtain the amount necessary to bring the loan current.

22. A representative of Bellco informed Plaintiff that Bellco did not have to provide any information to Plaintiff.

23. Not knowing how much was necessary to bring the loan current, Plaintiff made a $900.00 payment by ATM deposit on December 27, 2017.

24. Nevertheless, Bellco repossessed the Vehicle on or about January 5, 2018.

25. Prior to repossessing the Vehicle, Bellco did not provide a notice of intent to accelerate and right to cure.

26. Plaintiff requested a copy of any notice of intent to accelerate and right to cure, but Bellco did not provide a notice of intent to accelerate and right to cure.

27. After repossessing the Vehicle and prior to selling the Vehicle, Bellco did not provide a notification of disposition.

28. Plaintiff requested a copy of any notice of disposition, but Bellco did not provide a notice of disposition.

29. After disposing of the Vehicle, Bellco sent an "Explanation of Deficiency" to Plaintiff's mother but not Plaintiff.

30. The "Explanation of Deficiency" does not comply with the requirements of Colo. Rev. Stat. § 4-9-616(a)(1) in that the explanation omits the future credit service charges, interest, and other expenses.

## COUNT I
### (Violations of ECOA, 15 U.S.C. § 1691 *et seq.*)

31. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

32. It is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race . . . [or] sex . . . ." 15 U.S.C. § 1691(a)(1).

33. Repossession is an aspect of a credit transaction and is covered by ECOA.

34. An "applicant" is "any person who applies to a creditor directly for an extension, renewal, or continuation of credit . . . ." 15 U.S.C. § 1691a(b).

35. A "person" includes natural persons, such as Plaintiff. 15 U.S.C. § 1691a(f).

36. Plaintiff applied for an extension and continuation of credit from Bellco, and therefore, is an "applicant". 15 U.S.C. § 1691a(b).

37. A "creditor" is "any person who regularly extends, renews, or continues credit. . . ." 15 U.S.C. § 1691a(e).

38. Bellco regularly extends, renews, and continues credit, and therefore, is a "creditor" under ECOA.

39. By and through its repossession agent, Bellco discriminated against Plaintiff on the basis of her race and sex.

40. As a result of Bellco's discrimination, Plaintiff has incurred actual damages including loss of employment and loss of housing. Plaintiff has experienced emotional distress including anger, humiliation, and fear.

41. Plaintiff is entitled to damages in an amount to be determined at trial.

42. Plaintiff is entitled to punitive damages not to exceed $10,000.00. 15 U.S.C. § 1691e(b)

43. Plaintiff is entitled to her reasonable attorney fees and costs. 15 U.S.C. § 1691e(d).

## COUNT II
### (Violations of the Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-9-101 *et seq.*)

44. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

45. Part Six, Article Nine of the Colorado Uniform Commercial Code governs the enforcement of security interests on personal property collateral. Colo. Rev. Stat. § 4-9-601 *et seq.*

46. A "secured party" is "[a] person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding . . . ." Colo. Rev. Stat. § 4-9-102(75)(A).

47. Bellco had a security interest in the Vehicle pursuant to the RISC and therefore, is a "secured party".

48. A "debtor" is a "person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor . . . ." Colo. Rev. Stat. § 4-9-102(28)(A).

49. Plaintiff is a person having an interest in the Vehicle, and therefore, is a "debtor".

50. Under Article Nine, a secured party may resort to self-help repossession if the secured party does so without breach of the peace. Colo. Rev. Stat. § 4-9-609(b)(2).

51. Bellco, by and through its repossession agent, breached the peace by committing assault and battery.

52. "After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." Colo. Rev. Stat. § 4-6-610(a).

53. "[A] secured party that disposes of collateral under section 4-9-610 shall send to [the debtor] a reasonable authenticated notification of disposition." Colo. Rev. Stat. § 4-6-611(a).

54. Bellco failed to send a reasonable authenticated notification of disposition to Plaintiff.

55. After the disposition of the Vehicle, Bellco was required to send an explanation of the deficiency owed, including the amount of the deficiency and if applicable, that future credit service charges, interest, and expenses may affect the amount of the deficiency. Colo. Rev. Stat. § 4-9-616(b)(1).

56. After the disposition of the Vehicle, Bellco sent an explanation of deficiency that omitted the statement that that future credit service charges, interest, and expenses may affect the amount of the deficiency.

57. The explanation that Bellco sent was form letter that on information and belief, Bellco sends to all consumers liable for a deficiency.

58. "Subject to subsections (c), (d), and (f) of this section, a person is liable for damages in the amount of any loss caused by a failure to comply with [Article 9]. Loss caused by a failure to comply may include loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing." Colo. Rev. Stat. § 4-9-625(b)

59. "A person that [sic], at the time of the failure, was a debtor, was an obligor, or held a security interest in or other lien on the collateral may recover damages under subsection (b) of this section for its loss . . . ." Colo. Rev. Stat. § 4-9-625(c)(1).

60. "If the collateral is consumer goods, a person that was a debtor or secondary obligor at the time a secured party failed to comply with this part 6 may recover for that failure in any event an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price." Colo. Rev. Stat. § 4-9-625(c)(2).

61. Bellco has failed to comply with all requirements of Part Six, Article Nine of the Colorado Uniform Commercial Code.

62. Plaintiff is entitled to damages as a result.

63. Plaintiff is entitled to a penalty of one thousand dollars for Bellco's breaches of the peace and use of uniformed police officers without judicial process. Colo. Rev. Stat. § 4-9-625(h).

64. Plaintiff is entitled to a penalty of five hundred dollars as adjusted in accordance with Colo. Rev. Stat. § 4-9-625(j). Colo. Rev. Stat. § 4-9-625(e)(5).

65. Plaintiff is entitled to attorney fees and costs. Colo. Rev. Stat. § 4-9-625(i).

## COUNT III
### (Violations of the Colorado Uniform Consumer Credit Code, Colo. Rev. Stat. § 5-1-101 *et seq.*)

66. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

67. A "consumer credit transaction" is "a consumer credit sale or consumer loan, or a refinancing or consolidation thereof, or a consumer lease." Colo. Rev. Stat. § 5-1-301(12).

68. A "consumer loan" is "a loan made or arranged by a person regularly engaged in the business of making loans in which: (I) [t]he consumer is a person other than an organization; (II) [t]he debt is incurred primarily for a personal, family, or household purpose; (III) [e]ither the debt is by written agreement payable in installments or a finance charge is made; and (IV) [e]ither the principal does not exceed seventy-five thousand dollars or the debt is secured by an interest in land." Colo. Rev. Stat. § 5-1-301(15)(a).

69. The RISC is a consumer loan and therefore, a consumer credit transaction.

70. The UCCC prohibits persons from engaging in unconscionable conduct in collecting debt. Colo. Rev. Stat. § 5-5-109(2).

71. Unconscionable conduct includes, but is not limited to:

    A.    Using or threatening to use force or violence against the consumer or members of the consumer's family;

    B.    Communicating with the consumer or a member of the consumer's family at frequent intervals or at unusual hours or under other circumstances so that it is a reasonable inference that the primary purpose of the communication was to harass the consumer; and

        C.      Attempting to enforce a right with knowledge or reason to know that the right does not exist. Colo. Rev. Stat. § 5-5-109(4).

72. Bellco, by itself and through its collection agents, engaged in unconscionable conduct by:

        A.  Using force and violence against Plaintiff;

        B.  Communicating with members of Plaintiff's family at frequent intervals and at unusual hours with the purpose of harassing Plaintiff and her family; and

        C.  Attempting to enforce the right to repossession when Bellco did not have that right.

73. "With respect to a consumer credit transaction, after a consumer has been in default for ten days for failure to make a required payment and has not voluntarily surrendered possession of goods or the mobile home that are collateral, a creditor may give the consumer the notice described in this section. A creditor gives notice to the consumer pursuant to this section when the creditor delivers the notice to the consumer or mails the notice to the consumer at the consumer's residence, as defined in section 5-1-201(6)." Colo. Rev. Stat. § 5-5-110(1).

74. "With respect to a consumer credit transaction, except as provided in subsection (2) of this section, after a default consisting only of the consumer's failure to make a required payment, a creditor, because of that default, may neither accelerate maturity of the unpaid balance of the obligation nor take possession of or otherwise enforce a security interest in the goods or the mobile home that are collateral until twenty days after giving the consumer a notice of right to cure described in section 5-5-110. Until the expiration of the minimum applicable period after the notice is given, all defaults consisting of a failure to make the required payment may be cured by tendering to the creditor the amount of all

unpaid sums due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges. Cure restores the consumer to his or her rights under the agreement as though the defaults had not occurred." Colo. Rev. Stat. § 5-5-111(1).

75.     Bellco failed to give notice as required by Colo. Rev. Stat. §§ 5-5-110 and 111.

76.     Bellco nevertheless accelerated the maturity of the unpaid balance of the RISC and took possession.

77.     Plaintiff has been damaged as a result of Bellco's violations of the foregoing provisions of the UCCC.

78.     Plaintiff is entitled to damages and her reasonable attorney fees and costs. Colo. Rev. Stat. §§ 5-5-201(7), 5-5-109(2), and 5-5-109(5).

79.     Plaintiff is entitled to an injunction prohibiting Bellco from collecting any amount allegedly due and owing on the RISC. Colo. Rev. Stat. § 5-5-109(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Bellco as follows:

1.     Awarding Plaintiff damages pursuant to 15 U.S.C. § 1691e(b);

2.     Awarding Plaintiff punitive damages in an amount not to exceed $10,000.00 pursuant to 15 U.S.C. § 1691e(d);

3.     Awarding Plaintiff damages pursuant to Colo. Rev. Stat. § 4-9-625(c)(1);

4.     Awarding Plaintiff statutory damages pursuant to Colo. Rev. Stat. § 4-9-625(c)(2);

5.     Awarding Plaintiff one-thousand dollars as a penalty pursuant to Colo. Rev. Stat. § 4-9-625(h);

6.     Awarding Plaintiff attorney fees and costs pursuant to Colo. Rev. Stat. § 4-9-625(1);

7. Awarding Plaintiff attorney fees and costs pursuant to Colo. Rev. Stat. § 5-5-201(7) and 5-5-109(5); and

8. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 8, 2018

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com